1  Christopher P. Walker, Esq – SBN 174533
   LAW OFFICE OF CHRISTOPHER P. WALKER, P.C.
2  505 S. Villa Real Drive, Suite 103
   Anaheim Hills, CA 92807
3  Telephone:  (714) 639-1990
   Facsimile:  (714) 637-1636
4
   Attorneys for Debtors and Debtors in Possession
5

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **FOR THE DISTRICT OF CALIFORNIA**

10                   **SANTA ANA DIVISION**

11  In re                                    Case No. 14-16651-ES

12  CREATIVE OUTDOOR
    DISTRIBUTORS, USA,  INC.,
13                                           Chapter 11

14                                           **DEBTOR'S NOTICE OF MOTION AND**
            Debtor.                          **MOTION FOR ORDER APPROVING:**
15
                                             **(1) DISMISSAL OF BANKRUPTCY**
16                                               **CASE; AND**

17                                           **(2) RESERVATION OF**
                                                 **JURISDICTION FOR PAYMENT**
18                                               **OF ANY U.S. TRUSTEE FEES AND**
                                                 **ANY FEE APPLICATIONS**
19
                                             **MEMORANDUM OF POINTS AND**
20                                           **AUTHORITES AND DECLARATION**
                                             **OF BRIAN HOROWITZ**
21

22                                           [No Hearing Set]

23

24       **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY**

25  **JUDGE AND ALL INTERESTED PARTIES:**

26       CREATIVE OUTDOOR DISTRIBUTORS, USA, INC., Debtor and Debtor-in-

27  Possession herein ("Debtor"), for the Chapter 11 estate in the above-referenced bankruptcy case,

28  hereby does move this Court pursuant to Federal Rules of Bankruptcy Procedure 9019(a) for an

                                    1

1 order dismissing the case pursuant to Section 1112, and reserving jurisdiction for payment of any

2 owed U.S. Trustee fees AND any fee applications (the "Motion").

3      This Motion is based upon the attached Memorandum of Points and Authorities, the

4 Declaration of Brian Horowitz in support thereof, all other pleadings and files in this matter and

5 upon such additional evidence and argument as may be presented at or before the time of the

6 hearing on this matter.

7      Wherefore, the Debtor requests that the Motion be granted.

8 **IF YOU DO NOT OPPOSE THE MOTION, YOU NEED TAKE NO FURTHER ACTION. IF YOU OBJECT TO THE MOTION, PURSUANT TO LOCAL BANKRUPTCY**

9 **RULE 9013-1(o)(1), OBJECTIONS AND A WRITTEN REQUEST FOR HEARING MUST BE FILED WITH THE COURT WITHIN 14 DAYS OF THE DATE OF SERVICE OF THIS**

10 **NOTICE. YOU MUST FILE YOUR OBJECTION AND REQUEST FOR A HEARING WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED AT**

11 **411 WEST FOURTH STREET, SANTA ANA, CALIFORNIA 92701. YOU MUST SERVE A COPY OF YOUR OBJECTION TO THE MOTION AND REQUEST FOR A HEARING ON**

12 **THE DEBTOR'S COUNSEL AT THE ADDRESS INDICATED IN THE UPPER LEFT-HAND CORNER OF THIS NOTICE, AND UPON THE OFFICE OF THE UNITED**

13 **STATES TRUSTEE LOCATED AT 411 WEST FOURTH STREET, SUITE 9041, SANTA**

14 **ANA, CALIFORNIA 92701. UPON RECEIPT OF A WRITTEN OBJECTION AND REQUEST FOR A HEARING, THE DEBTOR'S COUNSEL WILL OBTAIN A HEARING**

15 **DATE AND GIVE APPROPRIATE NOTICE THEREOF. ANY FAILURE TO TIMELY FILE AND SERVE OBJECTIONS MAY RESULT IN ANY SUCH OBJECTIONS BEING**

16 **WAIVED.**

17

18 DATED: December 3, 2014       **THE LAW OFFICE OF CHRISTOPHER P. WALKER, P.C.**

19

20 By:/s/Christopher P. Walker
                    Christopher P. Walker, Esq.,

21                     Attorneys for Debtor and Debtor-in-Possession

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **INTRODUCTON AND STATEMENT OF FACTS**

This case was commenced due in large part due to a dispute with its landlord CWCA O'DONNELL IRVINE 65, LLC, among others. The dispute would have likely forced Debtor to shut down. Debtor has resolved that dispute and adversary case with an agreement that Debtor will move out of the rental location in an orderly manner and pay certain amounts in exchange. Moreover, the settlement resolves the issues with one of Debtor's creditors and the primary reason Debtor filed for bankruptcy protection, thus there is no longer a purpose for the pending bankruptcy case.

With the approval of the agreement to move out, there is no further need to continue to the bankruptcy case. Debtor believes that he can resolve all issues with his other creditors outside the bankruptcy process.

II.     **ARGUMENT**

    A.     **Dismissal of the Debtor's Bankruptcy Case**

       1.     **Debtor Seeks to Disburse Funds From the Debtor-in-Possession to Pay Any Remaining U.S. Trustee Claims**

Prior to dismissal, the administrative claims of the United States Trustee will be paid current. The only other administrative claim will be to Debtor's counsel which likely will have exhausted its pre-petition retainer through properly noticed fee notices. The law office of Christopher P. Walker used up approximately $7,000 of the pre-petition retainer of $10,000 prior to filing the case. It is anticipated that the remaining retainer will be used up in post petition fees. Debtor will apply for approval of the fees

       2.     **It is in the Best Interest of the Estate, and Cause Exists, for the Voluntary Dismissal of Debtor's Chapter 11 Case.**

11 U.S.C. § 1112(b) provides for the voluntary dismissal of a chapter 11 proceeding if in the best interests of creditors and the estate on request of a party in interest.

The case should be dismissed as the primary reason Debtor filed for bankruptcy protection was to resolve the issue with its landlord. All of the administrative claims will be paid or provided

1

1    for prior to dismissal.  Debtor believes he has minimal other unsecured debt which he can resolved

2    outside of the Bankruptcy Court.  Accordingly, there is no basis in which to keep the case open.

3         Based upon the above, Debtor respectfully requests that the case be dismissed, reserving

4    jurisdiction for to pay the US. Trustee fees.

5    **III.**     <u>**CONCLUSION**</u>

6         Wherefore, Debtor respectfully requests the Court authorize the Debtor to enter into the

7    Settlement Agreement with the Reilly and dismiss the bankruptcy case, the adversary case and ,

8    reserving jurisdiction to hear final fee application.

9    DATED:  December 3, 2014        **THE LAW OFFICE OF CHRISTOPHER P.**

10                                            **WALKER, P.C.**

11

12                                   By:<u>/s/Christopher P. Walker</u>
                                       Christopher P. Walker, Esq.,

13                                        Attorneys for Debtor and Debtor-in-Possession

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF BRIAN HOROWITZ

I, Brian Horowitz, declare and state:

I am the president of debtor in the above-captioned bankruptcy case ("Debtor"). I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

1.     The Petition commencing this case under Chapter 11 of the Bankruptcy Code was filed on November 10, 2014.

2.     In this Bankruptcy, Debtor filed an adversary against its landlord CWCA O'DONNELL IRVINE 65, LLC to establish that certain payments were received by the landlord and that nothing further was owed. Debtor also hoped to arrange for an orderly move out of the premises to avoid the shut down of its business.

3.     Debtor and its landlord CWCA O'DONNELL IRVINE 65, LLC have agreed to enter into a settlement whereby Debtor will pay its landlord certain amounts in exchange for the right to remain in the premises until March 2015, the Adversary Case will be dismissed and Debtor will be able to move out and not have to shut the business down. Attached as Exhibit 1 hereto is a true and correct copy of the settlement, which is incorporated herein by this reference.

5.     I believe Debtor can better deal with my remaining, smaller creditors outside of bankruptcy. All fee applications should be resolved by this Court and paid by Debtor

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: ~~November~~ *Dec* 3, 2014        By: _____

                                          Brian Horowitz

# Exhibit 1

1   Christopher P. Walker (Bar No. 174533)
    LAW OFFICE OF CHRISTOPHER P. WALKER, P.C.
2   505 S. Villa Real Drive, Suite 103
    Anaheim Hills, California 92807
3   Telephone:  (714) 639-1990
    Facsimile:  (714) 637-1637
4
    [Proposed] General Insolvency Counsel
5   for Debtor and Debtor-in-Possession

6   Jeanne M. Jorgensen (Bar No. 185494)
    Catherine M. Page (Bar No. 150484)
7   PAGE & JORGENSEN LLP
    1101 Dove Street, Suite 220
8   Newport Beach, California 92660
    Telephone:  (949) 250-7181
9   Facsimile:  (949) 250-3125
    E-Mail:  jjorgensen@pj-law.com
10           cpage@pj-law.com

11  Attorneys for CWCA O'Donnell Irvine 65, L.L.C.

12              UNITED STATES BANKRUPTCY COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    SANTA ANA DIVISION

15
    In re                              Case No.  8:14-bk-16651-ES
16
    CREATIVE OUTDOOR DISTRIBUTOR        Chapter 11
17  USA, INC.,
                                        STIPULATION FOR ORDER
18          Debtor.                     GRANTING CWCA O'DONNELL
                                        IRVINE 65, L.L.C.'S MOTION FOR
19                                      RELIEF FROM THE AUTOMATIC
                                        STAY (UNLAWFUL DETAINER)
20
                                        Hearing:
21                                      Date:   December 16, 2014
                                        Time:   9:30 a.m.
22                                      Dept.:  Courtroom 5A
                                                411 West Fourth Street
23                                              Santa Ana, CA 92701
24

25          Creative Outdoor Distributor USA, Inc., on the one hand, and CWCA O'Donnell

26  Irvine 65, L.L.C., on the other hand, by and through their respective counsel, enter into the

27  following stipulation:

28

────────────────────────────────────
STIPULATION FOR ORDER GRANTING MOTION FOR RELIEF FROM THE
AUTOMATIC STAY

## R E C I T A L S:

1

2    A.    On or about February 11, 2013, debtor Creative Outdoor Distributor USA,

3    Inc. (the "Debtor"), as tenant, and CWCA O'Donnell Irvine 65, L.L.C. ("Landlord"), as

4    landlord, entered into a written Multi-Tenant Industrial Triple Net Lease (the "Lease") for

5    those certain commercial premises located at 2102-A Alton Parkway, Irvine, California

6    (the "Premises").

7    B.    As a result of the Debtor's defaults under the Lease, Landlord served the

8    Debtor with a Three-Day Notice to Pay Rent or Quit on September 20, 2013; the Debtor

9    failed to cure the amounts stated in the notice.

10    C.    On September 25, 2013, Landlord commenced an unlawful detainer action

11    by filing its Verified Complaint for Unlawful Detainer in the Superior Court of California,

12    County of Orange – Central Justice Center, styled as *CWCA O'Donnell Irvine 65, L.L.C. v.*

13    *Creative Outdoor Distributors, Inc. et al.*, Case No. 30-2013-00677640-CU-UD-CJC (the

14    "State Court Lawsuit").

15    D.    On March 6, 2014, a Judgment for Possession and for Monetary Damages

16    (the "Judgment") was entered in the State Court Lawsuit.  Tenant acknowledges that

17    $29,837.44 of the monetary damages awarded in the Judgment remain unsatisfied.

18    E.    On September 9, 2014, a Writ of Possession of Real Property ("Writ of

19    Possession") was issued in the State Court Lawsuit.

20    F.    On November 10, 2014, the Debtor filed a voluntary petition under chapter

21    11 of title 11 of the United States Code, commencing the above-referenced case, which is

22    currently pending in the United States Bankruptcy Court for the Central District of

23    California, Santa Ana Division (the "Bankruptcy Case").

24    G.    On November 11, 2014, the Debtor filed its Complaint for:  1. Fraud; 2.

25    Accounting; 3. Breach of Contract; and 4. Temporary Restraining Order and Preliminary

26    Injunction, commencing Adversary Case No. 8:14-ap-01294-ES (the "Adversary

27    Proceeding").  Landlord has not yet responded to the complaint in the Adversary

28    Proceeding.

- 2 -

STIPULATION FOR ORDER GRANTING MOTION FOR RELIEF FROM THE
AUTOMATIC STAY

H.    On November 17, 2014, Landlord filed herein its Motion for Relief from the Automatic Stay or for Order Confirming that the Automatic Stay Does Not Apply Under 11 U.S.C. § 362(l) (Unlawful Detainer) (the "Motion").  A hearing on the Motion is scheduled for December 16, 2014.

I.    The Debtor intends to file a motion to dismiss the Bankruptcy Case

**NOW, THEREFORE,** in consideration of the promises and the mutual covenants contained herein, and for other consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtor and Landlord hereby stipulate and agree as follows:

## S T I P U L A T I O N:

1.    The Debtor consents to the Court's granting of the Motion and entry of an Order Granting Motion for Relief from Stay Under 11 U.S.C. § 362 (Unlawful Detainer) in the form and on the terms set forth in Exhibit "A" hereto (the "Order").

2.    Within five business days of the execution of this Stipulation, the Debtor will dismiss the Adversary Proceeding, with prejudice.

3.    Notwithstanding the Order, or any subsequent dismissal of the Bankruptcy Case, Landlord will not cause the Debtor to be locked out prior to March 15, 2015 (the "Conditional Vacate Date"), provided that the Debtor timely makes each of the following adequate protection payments to Landlord: (a) a payment of $15,197.83 on or before November 17, 2014; (b) a payment of $21,711.19 on or before November 24, 2014; (c) a payment of $21,711.19 on or before December 1, 2014; (d) a payment of $5,000 for post-petition attorneys' fees on or before December 15, 2014; (e) a payment of $21,711.19 on or before January 1, 2015; (f) a payment of $10,855.60 on or before February 1, 2015; and (g) if the Bankruptcy Case is dismissed prior to the Conditional Vacate Date, each of the payments set forth in paragraph 4 below.

4.    If the Debtor proceeds with a voluntary motion to dismiss this Bankruptcy Case, and as a further condition of not causing the Debtor to be locked out prior to the Conditional Vacate Date, the Debtor agrees to make the following additional payments to Landlord:  (i) a payment of $6,513.36 within two business days of the date that an Order

1   dismissing the Bankruptcy Case is entered (the "Dismissal Date"); (ii) a payment of

2   $15,000 on or before the date that is twenty days after the Dismissal Date; and (iii) a

3   payment of $14,839.44 on or before the date that is forty-five days after the Dismissal

4   Date.

5       5.      All payments required by this Stipulation shall be made by wire transfer in

6   accordance with the wire instructions set forth on page 1 of the Lease, and shall be

7   received by Landlord on or before the due date for the payment.  If the Debtor fails to

8   make any payment as required by this Stipulation and when due, Landlord may, without

9   further notice, immediately instruct the Sheriff to enforce the Writ of Possession, or any

10  subsequently issued writ of possession, and cause the Debtor to be locked out of the

11  Premises, in accordance with applicable non-bankruptcy law, without further order of the

12  Court.

13      6.      On the Conditional Vacate Date (unless Landlord has recovered possession

14  prior to the Conditional Vacate Date), the Debtor shall deliver possession of the Premises

15  to Landlord in the condition required by paragraph 18.9.2 and Exhibit H of the Lease.  The

16  Debtor expressly acknowledges and agrees that if, on the earlier of the Conditional Vacate

17  Date or the date that is five business days after the Debtor is evicted from the Premises,

18  any personal property remains on the Premises ("Remaining Personal Property"), such

19  Remaining Personal Property shall be deemed abandoned by the Debtor and Landlord shall

20  be entitled, with no further notice to the Debtor, to dispose of such Remaining Personal

21  Property in any manner it deems fit.  The Debtor hereby waives any and all right, title and

22  interest in or to said Remaining Personal Property, including without limitation its rights

23  under California Civil Code sections 1993 et seq. and /or 1980 et seq.

24      7.      During the time that the Debtor remains in possession of the Premises,

25  Landlord shall have full access rights to the Premises, including without limitation access

26  to market and show the Premises to prospective new tenants.

27      8.      The Debtor reaffirms and agrees that (a) the Lease terminated by operation

28  of law no later than September 23, 2013; (b) the Lease has not been reinstated and no

- 4 -

STIPULATION FOR ORDER GRANTING MOTION FOR RELIEF FROM THE
AUTOMATIC STAY

1  tenancy relationship has been or shall be created as a result of the Debtor's continued

2  possession of the Premises; and (c) the Debtor shall perform all of the obligations of

3  "Tenant" under the Lease, including without limitation Tenant's insurance obligations,

4  until possession of the Premises is returned to Landlord.  The Debtor further acknowledges

5  and agrees that nothing in this Stipulation is intended to be or shall be construed as a

6  waiver of any of Landlord's rights under the Judgment or applicable law, all of which

7  rights are expressly reserved.

8       9.      This Stipulation shall remain binding on the parties notwithstanding any

9  dismissal of the Bankruptcy Case.

10       10.     This Stipulation may be executed by fax or email and/or in counterparts and,

11  if so executed, each fax and/or email and/or counterpart shall have the full force and effect

12  of an original, and all of which when executed shall constitute one and the same document.

13

14  Dated:  November 25, 2014          LAW OFFICE OF CHRISTOPHER P.
                                       WALKER, P.C.
15
16                                     By: _____
                                       CHRISTOPHER P. WALKER
17                                     [Proposed] General Insolvency Counsel
                                       for Debtor and Debtor-in-Possession
18
19  Dated:  November ___, 2014         PAGE & JORGENSEN LLP
20
21                                     By: _____
                                       JEANNE M. JORGENSEN
22                                     Attorneys for CWCA O'Donnell Irvine
                                       65, L.L.C.
23
24
25
26
27
28

STIPULATION FOR ORDER GRANTING MOTION FOR RELIEF FROM THE
AUTOMATIC STAY

1  tenancy relationship has been or shall be created as a result of the Debtor's continued

2  possession of the Premises; and (c) the Debtor shall perform all of the obligations of

3  "Tenant" under the Lease, including without limitation Tenant's insurance obligations,

4  until possession of the Premises is returned to Landlord.  The Debtor further acknowledges

5  and agrees that nothing in this Stipulation is intended to be or shall be construed as a

6  waiver of any of Landlord's rights under the Judgment or applicable law, all of which

7  rights are expressly reserved.

8      9.    This Stipulation shall remain binding on the parties notwithstanding any

9  dismissal of the Bankruptcy Case.

10     10.   This Stipulation may be executed by fax or email and/or in counterparts and,

11 if so executed, each fax and/or email and/or counterpart shall have the full force and effect

12 of an original, and all of which when executed shall constitute one and the same document.

13

14 Dated:  November ___, 2014          LAW OFFICE OF CHRISTOPHER P.
                                     WALKER, P.C.
15

16                                   By: _____
                                         CHRISTOPHER P. WALKER
17                                       [Proposed] General Insolvency Counsel
                                         for Debtor and Debtor-in-Possession
18

19 Dated:  November 26, 2014           PAGE & JORGENSEN LLP
20

21                                   By:  /s/ Jeanne M. Jorgensen
                                         JEANNE M. JORGENSEN
22                                       Attorneys for CWCA O'Donnell Irvine
                                         65, L.L.C.
23

24

25

26

27

28

STIPULATION FOR ORDER GRANTING MOTION FOR RELIEF FROM THE
AUTOMATIC STAY

# EXHIBIT A

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeanne M. Jorgensen (CA Bar No. 185494)<br>Catherine M. Page (CA Bar No. 150484)<br>PAGE & JORGENSEN LLP<br>1101 Dove Street, Suite 220<br>Newport Beach, CA 92660<br>Telephone: (949) 250-7181<br>Facsimile: (949 250-3125<br>Email: jjorgensen@pj-law.com<br>        cpage@pj-law.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re:<br>Creative Outdoor Distributor USA, Inc. | CASE NO.: 8:14-bk-16651-ES<br>CHAPTER: 11 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362 (UNLAWFUL DETAINER)** |
| | DATE: 12/16/2014<br>TIME: 9:30 am<br>COURTROOM: 5A<br>PLACE: 411 West Fourth Street, Santa Ana, CA 92701 |
| Debtor(s). | |

**Movant:** CWCA O'Donnell Irvine 65, L.L.C.

1. The Motion was: ☐ Opposed  ☐ Unopposed  ☒ Settled by stipulation

2. This order applies to the following real property (Property):

   Type of property: ☐ Residential  ☒ Nonresidential

   *Street Address:* 2102-A Alton Parkway
   *Unit/Suite number:*
   *City, State, Zip Code:* Irvine, CA 92606

3. The Motion is granted under:
   a. ☒ 11 U.S.C. § 362(d)(1)
   b. ☒ 11 U.S.C. § 362(d)(2)

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

c. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

(2) ☐ Multiple bankruptcy cases affecting the Property.

(3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

(4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

c. ☐ Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☒ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

a. ☐ without further notice.

b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 2    F 4001-1.RFS.UD.ORDER

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☐ Other (*specify*):

###

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 3    **F 4001-1.RFS.UD.ORDER**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1101 DOVE STREET, SUITE 220, NEWPORT BEACH, CA 92660

A true and correct copy of the foregoing document entitled (specify): <u>STIPULATION FOR ORDER GRANTING CWCA</u>
<u>O'DONNELL IRVINE 65, L.L.C.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (UNLAWFUL DETAINER)</u> will
be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the
manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
12/01/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

<u>ATTORNEY FOR MOVANT:</u>  Jeanne M Jorgensen, jjorgensen@pj-law.com, esorensen@pj-law.com
<u>ATTORNEY FOR UNITED STATES TRUSTUEE:</u>  Elizabeth A Lossing, elizabeth.lossing@usdoj.gov
<u>ATTORNEY FOR INTERESTED PARTY:</u>  David M Mannion, DMannion@BlakeleyLLP.com, ECF@BlakeleyLLP.com
<u>UNITED STATES TRUSTEE (SA):</u>  ustpregion16.sa.ecf@usdoj.gov
<u>ATTORNEY FOR DEBTOR:</u>  Christopher P Walker, cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) 12/01/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
will be completed no later than 24 hours after the document is filed.

JUDGE::
Hon. Erithe A. Smith
U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5040
Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/01/2014 | ERIKA L. SORENSEN | /s/ Erika L. Sorensen |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: ~~18101 Von Karman Avenue, Suite 510, Irvine, CA 92612.~~ *505 S Villa Real Drive Ste 103, Anaheim Hills CA 92807*

A true and correct copy of the foregoing document described DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING: DISMISSAL OF BANKRUPTCY CASE; AND RESERVATION OF JURISDICTION FOR PAYMENT OF ANY U.S. TRUSTEE FEES AND ANY FEE APPLICATIONS MEMORANDUM OF POINTS AND AUTHORITES AND DECLARATION OF BRIAN HOROWITZ

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>December 3, 2014</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒     Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>December 3, 2014</u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒     Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>December 3, 2014</u>, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith (personal delivery)
☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

December 3, 2014          *Christopher P Walker* ~~Randye Murphy~~          /s/
_____          _____          _____
Date                          Type Name                          Signature

4

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>**

- Jeanne M Jorgensen    jjorgensen@pj-law.com, esorensen@pj-law.com

- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov

- David M Mannion    DMannion@BlakeleyLLP.com, ECF@BlakeleyLLP.com

- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

- Christopher P Walker    cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com

-

**II. <u>SERVED BY U.S. MAIL</u>**

-     SEE ATTACHED SERVICE LIST

**II. <u>SERVED BY U.S. MAIL</u>**

5

Creative Outdoor Distributor USA, Inc.
2102 -A Alton Pkwy
Irvine, CA 92606

Christopher P. Walker
Law Office of Christopher P. Walker, P.C.
505 S. Villa Real, Suite 103
Anaheim Hills, CA 92807

A Team Marketing
2238 N Glassell Street, Ste H
Orange, CA 92865

Amor International
250 Centennial
Englewood, CO 80112

Avery Dennison
15178 Collections Center Drive
Chicago, IL 60693

Beach City Lift
5361 Commerical Drive
Huntington Beach, CA 92649

Best Overnight Express
P.O. Box 90816
City of Industry, CA 91715

Canon Solutions America
300 Commerce Square Blvd
Burlington, NJ 08016

Catalog King
392 Childe Harolds Circle
Brentwood, TN 37027

Catherine M. Page, Esq
Page & Jorgensen, LLP
1101 Dove Street, Ste 220
Newport Beach, CA 92660

Changzhou Xinhoua Electronics Co,
No. 1 Linan Road
Wujin District
Jangsu Provance, China
  21376

Commerce Technologies
25736 Network Place
Chicago, IL 60673

Continental Building Maint., Inc
13316 Mapledale
Norwalk, CA 90650

Coveral North America
2955 Momentum Place
Chicago, IL 60689

Cox Communication
Attn: Credit Service Bankruptcy
29947 Avenida De Las Banderas
Rancho Santa Margarita, CA 92688-2167

CWCA  O'Donnell Irvine 65, LLC
Two North Riverside Plaza, Ste 2350
Chicago, IL 60606

CWCA O'Donnell Irvine 65, LLC
Two North Riverside Plaza, Ste 2350
Chicago, IL 60606

Davidson Design & Development
595 Alpha Drive
Pittsburgh, PA 15238

Delbello, Donnellan Wingarten
One North Lexington Avenue
White Plains, NY 10601

Dexing Shengshi Industrial
Building C4
Yinlu Industiral Zone
Dexing Jiangxl, China

Electric Metal Finishing
1194 N. Grove
Anaheim, CA 92806

Fed Ex
P.O. Box 7221
Pasadena, CA 91109

Franchise Tax Board
Attn: Bankruptcy
P.O. Box 2952
Sacramento, CA 95812-2952

Fuzhou Shangshen Liping Corp
6th Floor C International Building
No. 210 Wusi Road
Fuzhou Fujian, China

GCommerce, Inc.
601 E. Locust Street, #103
Des Moines, IA 50309

Gingdao Zhengqi Metalwork
No. 189 Dallan Road
Jiaonan Qingdao, China

GM Supplies, LTd
860 Lively Blvd
Wood Dale, IL 60191

Hangzhou Yichen Trade Co
Room 2208 Longxi Boos Building
Nanhuan Road, Bingjiang
Hangzhou China

Healthnet
P.O.Box 9103
Van Nuys, CA 91409

Hyatts
910 Main Street
Buffalo, NY 14202

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Jinhua Dongrun Tools Co
Jindong Zone, Jinhua City
Zhejiang Province China

Langfang Yaao Trading Co
Room 102, Unit 2 Building No. 4
Foreign Appartment Langfang
Development Zone, China

Old Dominion Freight Line, Inc.
P.O. Box 742296
Los Angeles, CA 90074

Saca Technologies
120 N. Hancock Street, Ste 102
Anaheim, CA 92807

Santander Consumer
P.O. Box 660633
Dallas, TX 75266

Southern California Edison
P.O. Box 300
Rosemead, CA 91772

Stand Max
25060 Hancock Avenue, ste 103-150
Murrieta, CA 92562

Team Worldwide
P.O. Box 668
Winnsboro, TX 75494

The Hartford
P.O. Box 660916
Dallas, TX 75266

Totem Amusement Co
ADD: No. 11 Hou Gang Industry Dist
Shiji town Panyu District 511450
Guangzhou China

UPS
P.O. Box 894820
Los Angeles, CA 90189

UPS Supply Chain Solutions
28013 Network Place
Chicago, IL 60673

US Bank
P.O. Box 6353
Fargo, ND 58125-6353

Waste Managment
1001 Fannin, Ste 4000
Houston, TX 77002

Wester Regional Delivery Service
1424 S. Raymond Avenue
Fullerton, CA 92831

Wuyl Beyond Tools Co
Balyang Industrial Zone
Wuyl Zhejiang China

Yancheng Novelty Electronics Co
KaiChuang Road New Development Area
YanChang City JiangSu Province
China

Yongkang Huari Imp & Exp Co
Add 9/f Xintian Building No. 580
Chengkong Road Yongkang Zheiang
China

Zhejiang Anji Daming Furniture Co
Kangshan Industrial Zone
Anji County
Zhejiang China

Zhejiang Shuangren Tools Co
Add Gantou Industrial Zone
Lutan Wuyl
Zhejiang China